**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **SHAMSHUDDIN VALLIANI** | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-00723-ALM-BD** |
| | § | |
| **ECONOMY PREFERRED** | § | |
| **INSURANCE COMPANY** | § | |

**MEMORANDUM OPINION AND ORDER**

Based on the jurisdictional allegations in the notice of removal, the court questions its jurisdiction sua sponte. *See Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019). To avoid remand, defendant Economy Preferred Insurance Company will need to file an amended notice of removal that alleges facts sufficient to establish jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Two statutes authorize the lion's share of federal-court litigation: 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases that arise under federal law, and 28 U.S.C. § 1332, which establishes federal courts' "diversity" jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The complaint seeks to establish subject-matter jurisdiction under the second of those provisions. Dkt. 1 at 2. In addition to requiring an amount in controversy in excess of $75,000, exclusive of interests and costs, § 1332(a) requires "complete diversity," *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019), as of the date the suit was filed, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (cited favorably in *Royal Canin*, 604 U.S. 22, 38 n.8 (2025)). In other words, "all persons on one side of the controversy" must have been "citizens of different states than all persons on the other side," *MidCap*, 929 F.3d at 313 (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)

(per curiam)), "at the commencement of the action," *Robertson v. Cease*, 97 U.S. 646, 651 (1878) (cited in *MidCap*, 929 F.3d at 314).

"Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *Id.* (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). The requisite allegations differ based on the type of party.

A natural person is domiciled, and therefore a citizen, where he or she has his or her true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *MidCap*, 929 F.3d at 313, 314 (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam), and citing *Robertson*, 97 U.S. at 647, 651, as a cautionary example of a case in which "[t]he Supreme Court held that [record evidence of the plaintiff's residence] was insufficient to prove citizenship, reversed a final judgment, and ordered a new trial"); *see Texas v. Florida*, 306 U.S. 398, 424 (1939) (explaining that citizenship of a natural person requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home").

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For that reason, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state [or states] of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985); *see Coal City Cob Co. v. Palm Enters., Inc.*, No. 3:18-CV-0123-N, 2018 WL 3475594, at *3 (N.D. Tex. July 18, 2018) (discussing the 2011 amendment to 28 U.S.C. § 1332(c)(1) and the demise of the forum doctrine).

"The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quotation marks omitted). Generally speaking, "'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Id.* at 1056 (quoting 28 U.S.C. § 1446(c)(2)). But "the notice of removal may assert the amount in

controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). And if the allegations in the notice of removal are "contested by the plaintiff or questioned by the court," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014).

Under those authorities—which, once again, demand "clear, distinct, and precise affirmative jurisdictional allegations," *Getty Oil*, 841 F.2d at 1259—the notice of removal's jurisdictional allegations, Dkt. 1 at 2–3, are deficient. They do not allege facts necessary to support the conclusion that plaintiff Shamshuddin Valliani and Economy Preferred are citizens of different States. Specifically, the notice alleges that Valliani owns a property in Denton County, Texas, but not that he is domiciled in Texas. It also alleges that Economy Preferred is "domiciled and with its principal place of business in California," Dkt. 1 at 2, but it does not allege the State or States in which Economy Preferred is incorporated.

The notice of removal also does not adequately allege satisfaction of § 1332(a)'s amount-in-controversy requirement. It notes that Valliani's state-court petition seeks "monetary relief up to $250,000." Dkt. 1 at 3 (referencing Dkt. 1-6 at 2, which asserts that "[t]he monetary relief sought by [Valliani] is more than zero but not more than $250,000"). "[M]ore than zero but not more than $250,000," *id.*, includes amounts less than $75,000. *See Tucker Albin Assocs., Inc. v. Blue Star Roofing, Inc.*, No. 4:24-cv-00360-ALM-BD, 2025 WL 2308085, at *1, *6 (E.D. Tex. Aug. 11, 2025) (remanding a case in which the state-court petition sought damages of "$250,000 or less").

Those defects may not be fatal. "Defective allegations of jurisdiction may be amended." 28 U.S.C. § 1653. Leave to do so "is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009); *see Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. Unit A Feb. 1981) (stating that, under Rule 15(a), leave to

amend pleadings "shall be freely given when justice requires" and that § 1653, like Rule 15(a), should be liberally construed). "Courts may also consider judicial efficiency . . . and effective case management . . . before granting a motion to amend." *Jebaco, Inc.*, 587 F.3d at 322 (citations omitted).

On balance, those considerations favor granting Economy Preferred leave to amend its notice of removal for the limited purpose of alleging facts necessary to establish subject-matter jurisdiction. Further, because the court expects parties to assist it in assessing jurisdiction, the Valliani should provide Economy Preferred with any information it may need to sufficiently amend. The parties should therefore confer as needed.

It is **ORDERED** that, within 14 days of the entry of this order, Economy Preferred file an amended notice of removal that alleges facts necessary to establish diversity jurisdiction. If no such amendment is possible, the parties should so notify the court, such that the case may be dismissed for lack of subject-matter jurisdiction.

So **ORDERED** and **SIGNED** this 6th day of July, 2026.

_____
Bill Davis
United States Magistrate Judge

4